## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KHAGENDRA GHARTI-CHHETRY, <br><br> 219 Springfield Avenue <br> Summit, NJ 07901 <br><br> *Plaintiff,* <br><br> *v.* <br><br> BOARD OF IMMIGRATION APPEALS, <br><br> UNITED STATES DEPARTMENT <br> OF JUSTICE, <br><br> UNITED STATES DEPARTMENT <br> OF HOMELAND SECURITY, <br><br> PAMELA BONDI, in her official capacity as Attorney <br> General of the United States, <br><br> and <br><br> SIRCE OWEN, in her official capacity as Acting <br> Director, Executive Office for Immigration Review, <br><br> *Defendants.* | Case No. _____ |

## VERIFIED COMPLAINT

Plaintiff Khagendra Gharti-Chhetry brings this action under the Administrative Procedures Act for judicial review of the Board of Immigration Appeals' September 10, 2025 order suspending him from practice before the Board, the Immigration Courts, and the Department of Homeland Security.

**PARTIES**

1.      Plaintiff Khagendra Gharti-Chhetry ("Mr. Chhetry") is an attorney with over 30 years of experience practicing immigration law. He is the founder and managing partner of Chhetry & Associates, P.C., which he has run since 1995, and has been licensed to practice law in New York since 1987. Mr. Chhetry is a member in good standing of the bars of the U.S. District Courts for the Southern District of New York and the Eastern District of New York, the U.S. Circuit Courts of Appeals for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits, and the U.S. Supreme Court. Mr. Chhetry has successfully represented clients in numerous proceedings before the Immigration Courts, the Board of Immigration Appeals, and the federal circuit courts of appeals.

2.      Defendant Board of Immigration Appeals ("the Board") is a component of the U.S. Department of Justice and is the highest administrative body for interpreting and applying immigration laws. The Board is authorized to hear appeals from the decisions of adjudicating officials in disciplinary proceedings against practitioners authorized to practice before the Board, the Immigration Courts, and the Department of Homeland Security. The Board's decision in such cases constitutes the final administrative order.

3.      Defendant United States Department of Justice is a cabinet-level department whose component agencies include the Executive Office for Immigration Review and the Board of Immigration Appeals. The Department of Justice is headquartered in Washington, DC.

4.      Defendant United Stated Department of Homeland Security ("DHS") is a cabinet-level department responsible for carrying out and enforcing United States immigration and naturalization laws. Permission for a lawyer to practice before DHS may be suspended by order of the Board.

5.     Defendant Pamela Bondi is the Attorney General of the United States and is sued in her official capacity. As the head of DOJ, Defendant Bondi is responsible for oversight and supervision of its officers, employees, and components, including the Executive Office for Immigration Review and the Board of Immigration Appeals.

6.     Defendant Sirce Owen is the Acting Director of the Executive Office for Immigration Review ("EOIR") and is sued in her official capacity. As the head of EOIR, Defendant Owen is responsible for the direction and supervision of each EOIR component, including the Board and the Immigration Courts.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction). This case falls within the waiver of sovereign immunity provided in 5 U.S.C. §§ 702-03.

8.     Venue is proper in this district under 28 U.S.C. § 1391(e)(1) because a defendant is an officer or employee of the United States or any agency thereof acting in her official capacity, or an agency of the United States, and a defendant resides within this district.

## FACTUAL ALLEGATIONS

9.     In January 2017, Mr. Chhetry was retained to represent R.A. in connection with an application for asylum based on persecution of R.A. and his father by the ruling Awami League party in Bangladesh.

10.     Despite Mr. Chhetry's best efforts, the Immigration Judge ("IJ") concluded that R.A. did not meet the requirements for asylum.

11.     On June 20, 2017, Mr. Chhetry filed an appeal with the Board, and on September 17, 2017, submitted an appellate brief challenging all material aspects of the IJ's decision concerning R.A.'s application.

12.     On appeal, the Board remanded R.A.'s case to the IJ to consider whether R.A. qualified for relief under the Trafficking Victims Protection Reauthorization Act of 2008. On remand, the IJ found that R.A. was not entitled to relief, and the case was sent back to the Board to address the other asserted claims of error.

13.     Out of an abundance of caution, on November 12, 2018, Mr. Chhetry resubmitted the appellate brief that he had initially filed with the Board on R.A.'s behalf on September 17, 2017, with minor changes.

14.     In preparing the resubmitted brief, Mr. Chhetry reviewed and approved the final version on his computer and tasked a paralegal with printing and copying the brief for filing and service.

15.     Unbeknownst to Mr. Chhetry, at some point between the time that he finalized the brief on his computer and the time that it was filed, pages 10 to 24 of the brief were inadvertently swapped with the same-numbered pages from a brief in a different appeal.

16.     In an opinion dated January 30, 2019, the Board denied R.A.'s appeal on the merits. In a footnote, the Board's decision noted that the appellant's brief appeared to include arguments from a different brief. Nevertheless, the Board's decision made clear that it did not rely on those arguments and instead addressed the merits of R.A.'s appeal, which had been fully argued in the earlier September 17, 2017 brief.

17.     On June 9, 2022, EOIR's Disciplinary Counsel filed a Notice of Intent to Discipline ("NID"), charging Mr. Chhetry with violations of 8 C.F.R. § 1003.102(c), (j), (n), (o) and (q). Specifically, Count One of the NID charged Mr. Chhetry with (i) knowingly or with reckless disregard making a false statement of material fact or law; (ii) engaging in frivolous behavior; (iii) engaging in conduct prejudicial to the administration of justice; (iv) failing to provide competent

representation; and (v) failing to act with reasonable diligence, based on the November 12, 2018 brief he had filed in R.A.'s appeal. Count Two of the NID charged additional violations stemming from the alleged failure to address dispositive issues in a different appeal.

18.     Following a hearing on September 26, 2023, the Adjudicating Official issued a decision on October 23, 2023, sustaining all of the disciplinary charges against Mr. Chhetry and suspending his right to practice before the Board, Immigration Courts, and DHS for 90 days.

19.     Mr. Chhetry, through counsel, timely appealed the Adjudicating Official's decision to the Board.

20.     In an unpublished opinion dated September 10, 2025, the Board upheld the Adjudicating Official's decision with respect to Count One, reversed and vacated the Adjudicating Official's decision with respect to Count Two, and reduced the length of the suspension to 60 days.

21.     In its opinion, the Board concluded that the Adjudicating Official properly sustained the charges in Count One as supported by clear and convincing evidence, stating that:

> The Adjudicating Official did not clearly err in finding that the respondent failed to perform adequate review of R.A.'s second brief before signing and certifying the hard copy that was filed with the Board, and that the respondent reasonably should have known that the brief contained erroneous, and thus false, statements about material aspects of the respondent's case . . . . We agree that the respondent failed to exercise proper competence and diligence in preparing the second brief and that he engaged in conduct that was frivolous and prejudicial to the administration of justice or that undermined the integrity of the adjudicative process . . . .

22.     Pursuant to the Board's order, Mr. Chhetry is suspended from practice before the Board, the Immigration Courts, and DHS for 60 days, beginning on September 25, 2025.

## COUNT ONE
## Administrative Procedure Act

23.     Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-22 above.

24.     The Administrative Procedure Act provides a right for a "person suffering legal wrong because of agency action" to obtain judicial review thereof, 5 U.S.C. § 702, and directs the reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "contrary to constitutional right," *id.* at § 706(2).

25.     The Board's decision upholding the Adjudicating Official's decision that Mr. Chhetry violated 8 C.F.R. § 1003.102(c) is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because (i) there is no evidence that Mr. Chhetry had the general intent to make the statements contained in the inadvertently swapped pages; (ii) there is no evidence that Mr. Chhetry acted knowingly or with reckless disregard; (iii) the Adjudicating Official incorrectly interpreted this provision as imposing an "obligation to ensure the factual statements in [a] brief [are] true and correct."

26.     The Board's decision upholding the Adjudicating Official's decision that Mr. Chhetry violated 8 C.F.R. § 1003.102(j) is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because (i) this provision does not cover inadvertent clerical errors; and (ii) Mr. Chhetry's review of the brief on his computer was reasonable under the circumstances.

27.     The Board's decision upholding the Adjudicating Official's decision that Mr. Chhetry violated 8 C.F.R. § 1003.102(n) is arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law because the decisions either misinterpret or misapply the legal standard, which applies only to conduct significantly more egregious that Plaintiff's.

28.     The Board's decision upholding the Adjudicating Official's decision that Mr. Chhetry violated 8 C.F.R. § 1003.102(o) is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because (i) Mr. Chhetry's actions did not implicate his competence; (ii) the decisions fail to explain how Mr. Chhetry acted without reasonable competence, and (iii) the conclusion that Mr. Chhetry acted without reasonable competence is unsupported by the evidence.

29.     The Board's decision upholding the Adjudicating Official's decision that Mr. Chhetry violated 8 C.F.R. § 1003.102(q) is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because (i) the conclusion that Mr. Chhetry acted without reasonable diligence is unsupported by the evidence; and (ii) the previous incident referenced by the Board and the Adjudicating Official would not have put Mr. Chhetry on notice of the risk of pages being inadvertently swapped after the brief was printed.

30.     The Board's decision upholding the Adjudicating Official's decision that Mr. Chhetry violated 8 C.F.R. § 1003.102(j), (o), and (q) is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or contrary to constitutional right to the extent that the Adjudicating Official's decision found that both the first and second briefs in R.A.'s appeal failed to address the dispositive issue of nexus to a protected ground because (i) the NID did not allege any violations based on the content of the first brief, thereby depriving Mr. Chhetry of the notice required by 8 C.F.R. § 1003.105(a)(1) and the Fifth Amendment's Due Process Clause; and (ii) the evidence shows that the first brief addressed this issue.

31.     The Board's decision to impose a 60-day suspension is arbitrary, capricious, or an abuse of discretion because it treats the single transaction at issue as constituting multiple violations in order to justify imposing a greater sanction than the reprimand called for by American Bar Association's Standards for Imposing Lawyer Sanctions.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant the following relief:

i.     Find that the Board's decision upholding the Adjudicating Official's findings on Count One of the NID that Mr. Chhetry violated 8 C.F.R. § 1003.102(c), (j), (n), (o) and (q) and imposing a 60-day suspension is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or contrary to constitutional right;

ii.     Hold unlawful and set aside the conclusions of the Board and the Adjudicating Official that Mr. Chhetry violated 8 C.F.R. § 1003.102(c), (j), (n), (o) and (q);

iii.     Hold unlawful and set aside the Board's order suspending Mr. Chhetry from practice before the Board, the Immigration Courts, and DHS;

iv.     Grant such other and further relief as the Court may deem just and proper.

//
//
//
//
//
//
//
//
//
//
//

*[signature block on following page]*

DATED: September 22, 2025                    Respectfully Submitted,

                                             Judah J. Ariel (DC Bar No. 995351)[1]
                                             ARIEL LAW
                                             751 Fairmont St. NW #3
                                             Washington, DC 20001
                                             (202) 681-3032
                                             judah@ariel-law.com

                                             /s/ Kristen  Farr
                                             Kristen Farr (DC Bar No. 974953)
                                             THE LAW FIRM OF KRISTEN J. FARR
                                             1325 G St. NW, Suite 500
                                             Washington, DC 20005
                                             (202) 592-5512
                                             kristen@farrlegal.com

                                             *Counsel for Plaintiff Khagendra Gharti-Chhetry*

---

[1] Application for admission pending

## VERIFICATION

I, Khagendra Gharti-Chhetry, declare as follows:

I am the plaintiff in this action. I have read the contents of this Verified Complaint. I certify that the factual statements made therein are true and correct to the best of my knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September __21__, 2025 in New York, New York.


_____
Khagendra Gharti-Chhetry